UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Civil Action, File Number 3:99CV29-my

| | |
|---|---|
| MANTISSA CORPORATION, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>CRISPLANT INC., a Maryland )<br>Corporation, )<br>       Defendant. ) | COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY, NON-INFRINGEMENT AND/OR NON-ENFORCEABILITY OF U.S. PATENT NO. 5,054,601 |

Plaintiff, Mantissa Corporation ("Mantissa"), files this complaint for declaratory judgment against Defendant Crisplant Inc. ("Crisplant") as follows:

### PARTIES

1. Plaintiff, Mantissa, is a corporation organized and existing under the laws of the State of North Carolina, with a principal place of business in Charlotte, North Carolina. Mantissa is doing business within the State of North Carolina.

2. Upon information and belief, Defendant Crisplant is a corporation organized and existing under the laws of Maryland with a principal place of business in Frederick, Maryland.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Upon information and belief, Defendant is doing business within the State of North Carolina and this action arises under the Patent Laws of the United States.

4. Upon information and belief, venue is proper in this district under 28 U.S.C. § 1391.

## BACKGROUND OF THE CLAIM

5.  On October 8, 1991, U.S. Patent No. 5,054,601 was issued to Christer Sjogren, J.D. Houseman, and Henri Paets (the "'601 Patent"). On information and belief, Defendant Crisplant is the owner of the '601 patent.

6.  On information and belief, during the past several months, Defendant Crisplant has informed Mantissa's business associates that Defendant intends to sue Mantissa for patent infringement.

7.  On or about January 25, 1999, Raymond C. Stewart, representing himself as an attorney for Defendant Crisplant, wrote a letter to Mantissa alleging infringement of the '601 Patent and demanding that Mantissa cease and desist from selling its Scorpion Series Tilt Tray Sorter.

8.  As a result of Defendant's statements to Mantissa's business associates and its attorney's allegation of infringement, Mantissa has a reasonable apprehension that litigation will be brought against it by Defendant alleging infringement of the '601 Patent.

9.  Mantissa denies that it in any way infringes the '601 Patent, at least insofar as any claim thereof is valid.

10. At least insofar as any claim of the '601 Patent which may cover any product manufactured, sold, or used by Mantissa, the patent is also believed to be invalid for failure to comply with the conditions and requirements for patentability set forth in Title 35 of the United States Code.

11. On information and belief, Defendant may not enforce the '601 Patent against Mantissa due to laches, equitable estoppel, and/or inequitable conduct.

25593490.doc                                     2
Case 3:99-cv-00029-GCM   Document 1   Filed 01/28/99   Page 2 of 6

12. Mantissa does not make, use or sell and has not made, used or sold in the United States any products which infringe any valid claims of the '601 Patent, either directly or indirectly, if contributorily or otherwise, and has not actively induced any others to so infringe. Because Crisplant has made allegations to the contrary, an actual, justiciable controversy exists between Mantissa and Defendant.

## COUNT I – DECLARATORY JUDGMENT

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. There is a substantial and continuing justiciable controversy between Plaintiff and Defendant as to Defendant's right to threaten or maintain suit for infringement of the '601 Patent, and as to the validity, enforceability and scope thereof, and as to whether any of Plaintiff's products infringe any valid claim thereof.

15. Plaintiff alleges on information and belief that the '601 Patent is not infringed, invalid, unenforceable, and void, for one or more of the reasons that:

    a. Plaintiff has not infringed any claim of said patent;

    b. By reason of the proceedings in the Patent Office during the prosecution of the applications which resulted in said patent as shown by the file wrapper thereof, Defendant is estopped to claim for said patent a construction that would cause said patent to cover or include any apparatus or device or product or method manufactured, used, or sold by Plaintiff.

    c. The patentees did not invent the subject matter patented, nor did they make any invention or discovery, either novel, original, or otherwise, within the meaning of Title 35 of the United States Code.

d. The alleged invention was made by another in this country before the patents' alleged date of invention, and such other person had not abandoned, suppressed, or concealed it.

e. New matter was introduced into the disclosure and claims during the prosecution of the application for said patent.

f. The patent does not particularly point out and distinctly claim the part, improvement, steps, or combination which the patentees claim as their invention, as required by Title 35, United States Code.

g. The claims are not directed to patentable combinations, but are directed to mere aggregations of parts or steps, means, or elements which were matters of common knowledge in the art to which said patent relates before the alleged invention and more than one year prior to the date of the application for said patent.

h. In light of the prior art at the time the alleged invention was made, the subject matter as claimed in the patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

i. The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the patentee of the patent in suit.

j. The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

k. Patentee has abandoned the invention.

l. The alleged invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the patentee, or on an international application pursuant to 35 U.S.C. § 371(c), before the invention thereof by the patentee.

m. If there be an invention in the subject matter of the patent in suit, which is denied, the patent nevertheless was not obtained in a manner consistent with the provisions of Title 35, United States Code and 37 C.F.R. § 1.56.

n. Defendant, with full knowledge of the activities of Plaintiff, has failed to assert its patent or provide notice to Plaintiff of its patent, directly or by marking its products, for a significant period of time during which time Plaintiff invested time and money in building its business and goodwill, and Defendant is now guilty of laches and cannot maintain any cause of action against Plaintiff under said patent.

o. On information and belief, Defendant has so misused the patent in suit and has so used it in violation of the antitrust laws, as to render it unenforceable.

WHEREFORE, Plaintiff demands

1. Entry of judgment that Defendant is without right or authority to threaten or to maintain suit against Plaintiff or its customers for alleged infringement of United States Patent No. 5,054,601; that said patent is invalid, unenforceable, and void in law; and that said patent is not infringed by Plaintiff because of the making, selling, or using of any apparatus made or sold or used by Plaintiff.

2. Entry of a preliminary injunction enjoining Defendant, its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice thereof, from initiating infringement litigation and from threatening

Plaintiff for any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers, or users of Plaintiff's, with infringement litigation or charging of any of them, either verbally or in writing, with infringement of the '601 patent because of the manufacture, use or selling, or offering for sale of apparatus supplied by Plaintiff, to be made permanent following trial.

3. Entry of Judgment for Plaintiff's costs and reasonable attorneys' fees incurred by Plaintiff herein.

4. Such other and further relief as the Court may deem appropriate.

*Jeffrey R. McFadden*

James L. Lester, NCSB 15,715
Jeffrey R. McFadden, NCSB 16,450
Gilbert J. Andia, NCSB 16,533
RHODES, COATS & BENNETT, L.L.P.
P.O. Box 2974
Greensboro, NC 27402
(336) 273-4422