UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

CH/RLCT

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | | |
|---|---|---|
| MANTISSA CORPORATION, | ) | Civil Action No.: 3:99 CV29MSK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ANSWER TO DECLARATORY |
| v. | ) | JUDGMENT OF INVALIDITY, |
| | ) | NON-INFRINGEMENT AND/OR |
| KOSAN CRISPLANT a/s, | ) | NON-ENFORCEABILITY OF U.S. |
| a Danish Corporation, | ) | PATENT NO. 5,664,660 AND |
| | ) | AFFIRMATIVE DEFENSES |
| Defendant. | ) | |

Defendant, Crisplant a/s, files this answer to Plaintiff's, Mantissa Corporation

("Mantissa"), complaint for declaratory judgment against Defendant Kosan Crisplant a/s

("Crisplant a/s") as follows. By filing this Answer, Crisplant a/s is not waiving any of its

defenses relating to challenging jurisdiction, venue or service of process.

### Answer

#### Parties

1.    Crisplant has no information upon which to admit or deny.

2.    Admit. However, the Defendant's correct name is Crisplant a/s.

#### Jurisdiction And Venue

3.    Denied.

4.    Denied.

#### Background Of The Claim

5.    Admit, with the exception that Defendant is not the owner of U.S. Patent No.

5,664,660.

6. Denied.

7. Admit. Crisplant a/s sought to stop only infringing sales and did not seek to cause Mantissa to cease and desist from non-infringing sales.

8. Denied. Crisplant lacks information regarding Mantissa's apprehension.

9. Admit to the extent that paragraph 9 reflects Mantissa's subjective state of mind. Crisplant a/s is not the current owner and therefore can not assert as a defense or counterclaim that Mantissa infringes U.S. Patent No. 5,054,660.

10. Denied.

11. Denied.

12. Denied as to the merits. However, Defendant is not the owner of the '660 patent.

13. Denied. Defendant does not own U.S. Patent No. 5,664,660 and therefore denies that an actual, justiciable controversy exists between Mantissa and Defendant.

### Count I - Declaratory Judgment

14. Defendant's answers to paragraphs 1-13 are incorporated herein by reference.

15. Defendant does not own U.S. Patent No. 5,664,660 and therefore denies that an actual, justiciable controversy exists between Mantissa and Defendant.

16. (a)-(o) Denied.

## AFFIRMATIVE DEFENSES

### Improper Service of Crisplant a/s

17. Plaintiff filed its complaint on January 28, 1999.

18. On June 2, 1999, Defendant received a copy of the Summons and Complaint mailed by Mantissa's attorney, James L. Lester, with a cover letter dated May 21, 1999.

2

19. The cover letter mentioned in paragraph 18 above and the Summons and Complaint were written in the English language, and no Danish translation of the documents was provided to Crisplant a/s.

Dismissal of Suit

20. Plaintiff violated Federal Rules of Civil Procedure 4(c) and 4(f) in that: (1) more than 120 days passed between the day that the Complaint was filed and the day that the mailed copy was received by Crisplant a/s; and (2) the requirements of international law were not followed.

21. In view of the facts as set forth in paragraphs 1-19 (either by the affirmative or as a denial to any of Mantissa's allegations), Mantissa failed to establish personal jurisdiction and venue over Crisplant a/s in the Western District of North Carolina and failed to establish that an actual case or controversy between the parties exists.

WHEREFORE, Defendant demands:

1. Dismissal of this suit in view of the fact that this Court lacks personal jurisdiction over Crisplant a/s.

2. Entry of judgment against Plaintiff, Mantissa, for failure to state a claim raising a justiciable controversy between Mantissa and Crisplant a/s.

3. Entry of judgment against Plaintiff, Mantissa, for failing to timely serve its Summons and Complaint.

3

4. Entry of judgment against Plaintiff, Mantissa, for failing to provide legally proper and sufficient service of process by failing to follow correct procedures required by the Federal Rules of Civil Procedure and International law.

Respectfully submitted,

Date: August 12, 1999

Raymond C. Stewart, Esquire
Joe M. Muncy, Esquire
Robert J. Kenney, Esquire
Mary Ann Capria, Esquire
BIRCH, STEWART,
  KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 500 East
Falls Church, Virginia 22042
Tele: (703) 205-8000
Fax: (703) 205-8050


Paul B. Bell, Esquire, NC Bar No. 281
Albert P. Allan, Esquire, NC Bar No. 18,882
ALSTON & BIRD, LLP
1211 East Morehead Street
P.O. Drawer 34009
Charlotte, NC 28234-4009
Tele: (704) 331-6000
Fax: (704) 334-2014

Attorneys for Defendant,
CRISPLANT a/s

4

## CERTIFICATE OF SERVICE

This is to certify that on August 12, 1999, Defendant Crisplant a/s, served a true and correct copy, via First Class Mail postage pre-paid, of the foregoing Answer to Declaratory Judgment of Invalidity, Non-Infringement and/or Non-Enforceability of U.S. Patent No. 5,664,660 on the following persons:

> James L. Lester, Esquire
> Jeffrey R. McFadden, Esquire
> Gilbert J. Andia, Esquire
> Rhodes & Mason, PLLC
> 1600 First Union Tower
> 300 North Greene Street
> P.O. Box 2974
> Greensboro, NC 27402

By: _____